UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 16 2013

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Xavier Flores, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 13-720 |
| Chase Bank, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a homeless individual who submitted more than 30 cryptic complaints within the first two weeks of March alone, sues Chase Bank purportedly under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* He states only that "Chase did not provide service when I used my card." Compl. at 1.

A plaintiff's "allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting

1

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff does not allege that he was treated differently because of a disability and, therefore, has stated no facts to support an ADA claim. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: May 3 , 2013

2